**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

TONY L. HOBBS,

    Petitioner,

vs.                                                Case No. 4:11cv223-MP/CAS

KENNETH S. TUCKER

    Respondent.

    _____/

## REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS § 2254 PETITION AS UNTIMELY

On May 17, 2011, Petitioner Tony L. Hobbs filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On August 4, 2011, this court ordered Petitioner to file an amended petition, using the § 2254 form.  Doc. 8.  Accordingly, on September 28, 2011, Petitioner filed an amended § 2254 petition.  Doc. 11.  Petitioner challenges the judgment and sentence imposed by the Second Judicial Circuit in Gadsden County on May 10, 2000.  Doc. 11.  Respondent has filed a motion to dismiss the habeas petition as untimely.  Doc. 15.  Petitioner has filed a reply to this motion. Doc. 17.  As explained in detail below, because the § 2254 petition is timely, Respondent's motion to dismiss should be denied.

## **Background**

Petitioner appealed his judgment and sentence to the First District Court of Appeal (DCA) and that court affirmed, in an opinion dated March 28, 2002.  See Hobbs v. State, 820 So. 2d 347 (Fla. 1st DCA 2002).  Petitioner moved for rehearing, which the First DCA denied on July 9, 2002.  See id.  The court certified conflict with a Second DCA decision, however, and Petitioner then sought review in the Florida Supreme Court; on September 18, 2003, the supreme court dismissed the case indicating review was improvidently granted.  See Hobbs v. State, 863 So. 2d 167 (Fla. 2003).

On December 26, 2003, Petitioner filed a habeas petition in the First DCA, alleging ineffective appellate counsel.  The First DCA denied the petition on the merits. Petitioner sought rehearing, which the court denied on April 27, 2004.  See Hobbs v. State, 871 So. 2d 879 (Fla. 1st DCA 2004).

On September 16, 2004, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Petitioner amended that motion.  The trial court dismissed the motion.  On appeal, the First DCA explained the motion was timely filed and, accordingly, reversed and remanded the cause for further proceedings. Hobbs v. State, 931 So. 2d 212 (Fla. 1st DCA 2006).

On remand, the trial court considered the amended motion and, in October 2008, held an evidentiary hearing on one of the three claims.  Another hearing took place in June 2009.  The trial court denied postconviction relief.  On appeal, the First DCA affirmed without a written opinion, and the mandate issued September 21, 2010.  Hobbs v. State, 43 So. 2d 695 (Fla. 1st DCA 2010) (table); Ex. II to Mot. to Dismiss.

On February 1, 2011, Petitioner filed a habeas petition in the First DCA. Ex. JJ to Mot. to Dismiss (Petition for Writ of Habeas Corpus on Structural Error and Manifest Injustice Grounds, alleging trial court did not follow requirements for closing courtroom and requesting First DCA reconsider its prior opinion in this case to correct manifest injustice). That court denied the petition on March 2, 2011, with a citation to Baker v. State, 878 So. 2d 1236 (Fla. 2004). Hobbs v. State, 60 So. 3d 422 (Fla. 1st DCA 2011). Petitioner sought rehearing, which the court denied on April 25, 2011. Id.; Ex. MM to Mot. to Dismiss.

Meanwhile, on June 5, 2007, Petitioner had filed a habeas petition in Martin County, which was transferred to Gadsden County. That petition was not ruled on until July 26, 2011, when the court considered it as a Rule 3.850 motion, found it untimely, and denied it.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). This period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The limitations period is tolled for the time during which a "properly filed" application for postconviction relief or other collateral review is pending in state court. § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004) (citation omitted).

In this case, Petitioner's judgment and sentence became final on September 18,

2003, when the Florida Supreme Court issued its dismissal, explaining review was improvidently granted.  See Hobbs, 863 So. 2d at 168.   The time for filing a petition for writ of certiorari in the U.S. Supreme Court expired 90 days later, on December 17, 2003.  *See, e.g.*, Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1274-75 (11th Cir. 2006) (explaining "judgment becomes 'final' on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the 90-day period in which the petitioner could have filed a petition for writ of certiorari").   Nine days thereafter, on December 26, 2003, Petitioner filed a habeas petition in the First DCA; that petition was resolved as of April 27, 2004, when the court denied rehearing and clarification.   Thus, the limitation period resumed on April 28, 2004, and ran until September 16, 2004, when Petitioner filed a Rule 3.850 motion in the state trial court.   Accordingly, 142 additional untolled days passed, which combined with the nine days from December 2003, results in a total of 151 untolled days, as of September 16, 2004.   Respondent agrees the limitations period was tolled from September 17, 2004, through September 21, 2010, when the First DCA mandate issued following the appeal from the denial on remand of Petitioner's amended Rule 3.850 motion.   Doc. 15, p. 5.

Respondent, in the motion to dismiss, asserts the limitations period resumed on September 22, 2010, notwithstanding the then-pending habeas petition/Rule 3.850 motion in Gadsden County, and ran until at least February 1, 2011, when Petitioner filed a habeas petition in the First DCA.   Doc. 15, pp. 5-6.   Thus, at this point, another 133 untolled days passed, for a total of 284 untolled days.

Respondent correctly asserts that the then-pending Rule 3.850 motion, originally

filed in Martin County and then transferred to Gadsden County, did not toll the limitations period. In July 2011, the Second Circuit Court for Gadsden County denied that motion as untimely. As the state court found the motion untimely, it was not properly filed and the time it was pending did not toll the limitations period for filling the § 2254 petition. *See* Allen v. Siebert, 552 U.S. 3, 7 (2007) (quoting and reiterating holding in Pace v. DiGuglielmo, 544 U.S. 408 (2005): "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2254(d)(2).").

Respondent further asserts the habeas petition filed in the First DCA on February 1, 2011, should not be considered a tolling event because, in that petition, Petitioner was seeking the type of collateral relief available through Rule 3.850, as evidenced by the First DCA's denial of the petition with a citation to Baker v. State, 878 So. 2d 1236 (Fla. 2004). Doc. 15, pp. 6-9. In Baker, the Florida Supreme Court explained that, henceforth, it would "dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court." 878 So. 2d at 1246 (emphasis added). Respondent argues that the use of "unauthorized" in Baker is functionally the same as "improperly filed" for federal habeas purposes and, therefore, Petitioner's habeas petition in the First DCA did not toll the limitations period. Doc. 15, p. 7-9.

The question thus presented is whether such a habeas petition tolls the limitations period. If it does not, then 390 untolled days had passed when Petitioner submitted his original § 2254 petition on May 17, 2011, rendering it untimely. The question is answered by the decision in Thompson v. Secretary, Department of Corrections, 595 F.3d 1233 (11th Cir. 2010).

In <u>Thompson</u>, the Eleventh Circuit determined the district court erred in dismissing a § 2254 petition as untimely. 595 F.3d at 1234. The district court had found the one-year limitations period tolled by all of Thompson's collateral proceedings except for state habeas petitions filed in 2004 and 2005; accordingly, the district court found the limitations period expired in February 2006, rendering Thompson's November 2006 § 2254 petition untimely. <u>Id.</u> at 1235. Reversing the district court's determination, the Eleventh Circuit explained that, according to decisions of the U.S. Supreme Court, an application is properly filed as long as it satisfies statutory filing requirements, regardless of whether the application includes improperly presented or meritless claims:

> According to the Supreme Court, an application is "properly filed" under 2244(d)(2) "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S.Ct. 362, 363, 148 L.Ed.2d 213 (2000). The term "properly filed" thus refers to the application's "compliance with the applicable laws and rules governing filings." <u>Id.</u> at 8, 121 S.Ct. at 364. For example, the filing requirements typically include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." <u>Id.</u> (footnote omitted).
>
> Whether an application is properly filed is distinct from whether the application's claims are meritorious or procedurally barred. <u>See id.</u> at 9, 121 S.Ct. at 364. Consequently, the Supreme Court determined in <u>Artuz</u> that an application raising procedurally barred claims was nonetheless "properly filed" for purposes of § 2244(d)(2). <u>See id.</u> at 11, 121 S.Ct. at 365. The Court explained that an application may include claims that are not properly presented or raised, "irrespective of whether the application containing those claims was properly filed." <u>Id.</u> at 10, 121 S.Ct. at 365. In other words, even though an application may not succeed in obtaining the desired relief, it may still be considered "properly filed" so long as it satisfies the statutory filing conditions. <u>See id.</u> at 11, 121 S.Ct. at 365; <u>see also</u> <u>Drew v. Dep't of Corr.</u>, 297 S.3d 1278, 1284 (11th Cir. 2002) (noting that the fact that a motion is successive, and may therefore fail on the merits, "does not render it improperly filed").

<u>Thompson</u>, 595 F.3d at 1236. The court rejected the State's argument there, similar to

the argument of Respondent here, urging consideration of the actual claims raised in the application, rather than consideration of only the fact the application was correctly filed in a court having jurisdiction over it. Id. at 1237. In so doing, the court noted "the distinction articulated in Artuz between the success of a claim and the compliance of an application with the statutory filing requirements" and explained that habeas petitions dismissed pursuant to Baker, as occurred in this case, are dismissed as "unauthorized," not for lack of jurisdiction. Id. at 1237-38. The court concluded that, contrary to the State's argument, "the fact that Thompson did not succeed in obtaining habeas relief on his claims (because the claims belonged in a Rule 3.850 motion) does not mean he filed his habeas petitions in the wrong court, or that his petitions were not 'properly filed' under § 2244(d)(2)." Id. at 1238. The court cited the relevant Florida Statute, section 79.01, regarding the filing of a writ of habeas corpus and indicated that Thompson had complied with this statute when filing his applications:

> According to the statute, a person detained in custody may file a habeas corpus petition alleging that his detention is without lawful authority. This is what Thompson did. He was detained in custody pursuant to his 1998 convictions and sentences, and he filed habeas corpus petitions alleging that he was being illegally detained based on his unlawful convictions. Though he did not ultimately obtain relief on his claims because they should have been brought in a Rule 3.850 motion, this fact did not preclude Thompson from initiating his habeas petitions nor did it preclude the Florida courts from considering the petitions in the first instance.

Id. at 1239 (citations to statute omitted).

Similarly, in this case, Petitioner filed a habeas petition in the First DCA on February 1, 2011. This petition alleged he was being illegally detained based on his unlawful convictions. Although Petitioner did not ultimately obtain relief on the petition, as in Thompson, Petitioner is entitled to statutory tolling of the one-year limitations period

under § 2244(d)(2).   595 F.3d at 1239.

As of February 1, 2011, 284 untolled days had passed.   The First DCA denied the habeas petition on March 2, 2011, and denied rehearing on April 25, 2011.   Thus, the limitations period resumed running on April 26, 2011, and an additional 22 days passed until Petitioner filed his § 2254 petition on May 17, 2011.   Because these 22 days, when added to the previous 284 days, results in a total of only 306 untolled days, the petition is not untimely.

## Conclusion

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 15) be **DENIED**, Respondent be directed to file an Answer to the § 2254 petition within thirty (30) days of entry of the order adopting this recommendation, and Petitioner be directed that he may file a Reply within thirty (30) days after service of the Answer.

**IN CHAMBERS** at Tallahassee, Florida, on April 30, 2012.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.   A party may respond to another party's objections within 14 days after being served with a copy thereof.   Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**