IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TONY L. HOBBS,

    Petitioner,

v.                                          CASE NO. 4:11-cv-00223-MP-CAS

EDWIN G. BUSS,

    Respondent.

_____/

**O R D E R**

This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated April 30, 2012. (Doc. 18). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of any timely filed objections.[1]

Having considered the Report and Recommendation, and any objections thereto timely

---

[1] Respondent objects to the magistrate judge's reliance on *Thompson v. Sec'y Dep't of Corr.*, in determining that petitioner's February 1, 2011 habeas petition filed in the Florida First DCA tolls the limitations period. 595 F.3d 1233 (11th Cir.2010). Specifically, respondent argues that *Thompson* was wrongly decided and "should be treated here as it was in *Croft v. Sec.DOC*, 2011 WL 4947455,6 (M.D. Fla. 2011)." (Doc. 19). In Croft, the district court distinguished *Thompson* and held that "[b]ecause jurisdiction did not lie in Miami-Dade County or the Third District to review Croft's judgment, Croft's habeas petition was improperly filed." *Id.* at 5. However, the Eleventh Circuit was clear in *Thompson* that "[w]hether an application is properly filed is distinct from whether the application's claims are meritorious or procedurally barred." 595 F.3d at 1236. In *Estes v. Chapman*, the Eleventh Circuit "concluded that a motion to vacate a sentence was 'properly filed' even though the state court ultimately lacked jurisdiction to modify the defendant's sentence. As the State conceded, the Georgia court had initial jurisdiction to determine whether it had jurisdiction to modify the sentence, and the motion otherwise complied with the filing requirements." *Thompson*, 595 F.3d at 1236 (citing *Estes v. Chapman*, 382 F.3d 1237, 1241 (11th Cir. 2004)). Thus, like Thompson and Estes, petitioner invoked the wrong statutory vehicle. However, the state habeas petition met the state procedural and filing requirements on its face as a state habeas petition. As such, petitioner's February 1, 2011 habeas petition was properly filed for purposes of triggering the tolling provisions of § 2244(d)(2).

filed, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. Respondent's motion to dismiss (doc. 15) is DENIED, Respondent is directed to file an Answer to the § 2254 petition within thirty (30) days of entry of this order, and Petitioner is directed that he may file a Reply within thirty (30) days after service of the Answer.

**DONE AND ORDERED** this *27th* day of September, 2012

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge